**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LILLI MORSE, on her own behalf and others
similarly situated,

          Plaintiff,

                              CASE NO. 8:11-cv-00779-JDW-EAJ

v.

JP MORGAN CHASE & CO.,

          Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant JP Morgan Chase & Co. ("Defendant")[1] hereby moves the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Because any amendment to the Complaint would be futile, dismissal should be with prejudice.

## I.    INTRODUCTION

On or about March 9, 2011, Plaintiff initiated this action in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on behalf of herself and others purportedly "similarly situated." (Dkt #2). Defendant thereafter removed this action to this Court on or about April 11, 2011, based on federal question jurisdiction. Plaintiff's Complaint contains two Counts under the Fair Labor Standards Act ("FLSA"), one for "Recovery of Overtime Wages" and one for "Retaliation." (Dkt #2 at Counts I and II).

In her Complaint, Plaintiff alleges that she worked for Defendant as an "hourly worker," performing "related activities for Defendant." *Id.* at ¶1. She seeks to bring her action on behalf of herself and others purportedly "similarly situated," defined as "each and every hourly employee who worked for the Defendant at any time within the past three (3) years." *Id.* at ¶3. Based on these scant factual allegations, Plaintiff claims in conclusory fashion that "Defendant failed to comply with [the FLSA] because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment." *Id.* at ¶7.

## II.     LEGAL STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss pursuant to Federal Rule 12(b)(6), the Court must accept all "well pleaded allegations" as true and view them in the light most favorable to the nonmoving party. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977). The Court need not, however, accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions like those in Plaintiff's Complaint. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (holding that mere labels and conclusions will not suffice on a motion to dismiss and inferences are warranted only where "plausible grounds" exist). The factual allegations in the complaint must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 1966 (citations omitted). Where, as here, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be

---

[1] As a preliminary matter, Defendant notes that Plaintiff has named the wrong corporate entity as the defendant in this action as Plaintiff was not employed by JP Morgan Chase & Co., but rather was employed by Chase Home Finance LLC.

exposed at the point of minimum expenditure of time and money by the parties and the court" and the complaint should be dismissed.  *Id.* (quotations and citations omitted).

Moreover, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, a complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.*  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Applying these standards to Plaintiff's meager allegations, unwarranted inferences, implausible assertions, and unsupported sweeping legal conclusions purportedly supporting her claim and the claims of unidentified employees nationwide, this Court should dismiss Plaintiff's Complaint.

**III.    MEMORANDUM OF LAW**

**A.    Plaintiff's Vague "Overtime" Claim Fails to Demonstrate Plausibility of Entitlement to Any Relief**

In her "barebones" Complaint, Plaintiff's focuses her factual allegations – of which there are only ten – on jurisdictional requirements and the FLSA's general coverage over Defendant as a for profit corporation conducting interstate commerce.  (Dkt #2 at ¶¶1, 2, 4, and 6).  Regarding herself and her claims, Plaintiff alleges only that she worked for Defendant as an "hourly worker" and performed some vague and undefined "related activities for Defendant." *Id.* at ¶1.  Notwithstanding Plaintiff's failure to define her own position or the duties she purportedly performed for Defendant, she seeks to bring her action on behalf of herself *and* all others nationwide who are purportedly "similarly situated," defined only as "each and every hourly employee who worked for the Defendant at any time

within the past three (3) years." *Id.* at ¶3.  Without defining the position(s) of, or describing

any duties of, these **nationwide** "hourly employees," or explaining what acts of Defendant

allegedly violated the FLSA, Plaintiff has not – and cannot – demonstrate any plausible

grounds that she is entitled to any relief whatsoever from Defendant, nor can she demonstrate

that she is "similarly situated" to anyone, nor can Defendant reasonably be expected to

defend against such an undefined class (or classes) of plaintiffs.  *See Ashcroft*, 129 S. Ct. at

1949 (complaints must contain "factual enhancement" to avoid dismissal).  In summary,

Plaintiff merely alleges that Defendant somehow owes overtime wages[2] to every hourly

employee nationwide, without alleging "who" is owed overtime wages, "why" they are owed

such wages, or "how" Defendant failed to provide such wages.  *See id.* (Rule 8 "demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Therefore,

without such required "factual enhancement," the Court and Defendant are left to guess as to

why Defendant has been subjected to this lawsuit, and Plaintiff's overtime claim must be

dismissed.

      **B.**        **Plaintiff Fails to State a Claim for Retaliation under the FLSA**

"FLSA retaliation claims are limited to actions taken in retaliation for filing formal

complaints, instituting a proceeding, or testifying.  Anything less than a formal complaint

will not support a claim for retaliation."  *Ochei v. The Mary Manning Walsh Nursing Home

Co., Inc.*, 2011 WL 744738, at *6 (S.D.N.Y. Mar. 1, 2011).  The Supreme Court itself

recently recognized that the FLSA's anti-retaliation provision protects written complaints as

---

[2] Plaintiff compounds this ambiguity by styling Count I of her Complaint as a claim for "Recovery of Overtime Wages," yet refers to having been "not paid even minimum wages" and demands some ambiguous "unpaid wages" which may or may not include minimum wages allegedly owed.  (Dkt #2 at ¶¶12-14).

well as "informal workplace grievance procedures." *Kasten v. Saint-Gobain Performance Plastics Corp.*, ___S.Ct.___, 2011 WL 977061, at *8 (Mar. 22, 2011) (emphasis added). Although employees may complain to their employer informally through informal workplace grievance procedures, the Supreme Court stated that the complaints must be made in a "serious" manner, with "some degree of formality" rather than "triviality," and not as a mere demonstration of the employee "just letting off steam." *Id.* at *8-9.

Here, Plaintiff's claim for retaliation based on her alleged "complaint" about overtime fails for two reasons.  First, Plaintiff concedes in her Complaint that she never made a formal complaint – written or oral – internally *to Defendant.*  In fact, rather than "file" a formal internal complaint *with Defendant* – as required by the Supreme Court, the Eleventh Circuit, and the FLSA's anti-retaliation provision itself – Plaintiff merely alleges that she complained "on her Facebook page."  (Dkt #2 at ¶17); *see Kasten*, 2011 WL 977061 at *8 (unlawful to retaliate for complaints made using "informal workplace grievance procedures"); *Johnson v. Advertiser Co.*, No. 2011 WL 1131407, at *4 (M.D. Ala. Mar. 28, 2011) ("The Eleventh Circuit has interpreted the FLSA as protecting from retaliation employees who make **internal** 'informal complaints' **to their employer** about FLSA violations.") (emphasis added) (citing *EEOC v. White and Son Enter.*, 881 F.2d 1006, 1011 (11th Cir. 1989) (FLSA protects employees' unofficial complaints "to their employer")); 29 U.S.C. § 215(a)(3) (unlawful to retaliate against an employee because the employee has "filed" a complaint).

Simply venting frustration or disappointment via an informal Facebook posting – rather than complaining to Defendant – is precisely the type of mere "letting off [of] steam" that the Supreme Court recognized as insufficient for an FLSA retaliation claim because it

lacks the formality and seriousness required for such a claim.  *See Kasten*, 2011 WL 977061

at *8.  Therefore, Plaintiff's retaliation claim fails as a matter of law and must be dismissed

with prejudice as any amendment would be futile.

## IV.   <u>CONCLUSION</u>

For the reasons above, Plaintiff's Complaint fails to plead sufficient facts

demonstrating any plausibility that she is entitled to any relief from Defendant for her vague

overtime claim, and fails to allege facts that would support a claim for retaliation under the

FLSA.  Therefore Defendant respectfully requests that the Court dismiss Plaintiff's

Complaint with prejudice as any amendment would be futile.


Dated this 25th day of April, 2011.             Respectfully submitted,


                                                s/ Mark E. Zelek
                                                Mark E. Zelek, Esq.
                                                   Florida Bar No. 667773
                                                   mzelek@morganlewis.com
                                                Derek J. Dilberian, Esq.
                                                   Florida Bar No. 36985
                                                   ddilberian@morganlewis.com
                                                Morgan, Lewis & Bockius LLP
                                                5300 Wachovia Financial Center
                                                200 South Biscayne Boulevard
                                                Miami, Florida  33131-2339
                                                Telephone:   305.415.3456
                                                Facsimile:   305.415.3001

                                                *Attorneys for Defendant*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that on this 25th day of April, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to: W. John Gadd, Esq., Mazaheri Gadd PA, 2727 Ulmerton Rd., Suite 250, Clearwater, Florida 33762.

s/ Mark E. Zelek
Mark E. Zelek